David Gharakhanian, Jr. (State Bar No. 251642)
Manee Pazargad (State Bar No. 245136)
GP LAW GROUP, A Professional Corporation
204 S. Beverly Dr., Suite 115 / Beverly Hills, California 90212
Telephone: (310) 860-0600 / Facsimile: (310) 861-0506
Email: david@gplitigation.com; mp@gplitigation.com

John E. Sweeney (State Bar No. 116285)
Lincoln W. Ellis (State Bar No. 283657)
THE SWEENEY FIRM
315 South Beverly Drive, Suite 305 / Beverly Hills, California 90212
Telephone: (310) 277-9595 / Facsimile: (310) 277-0177
Email:  jes@thesweeneyfirm.com; lwe@thesweeneyfirm.com

Attorneys for Plaintiffs,
CLARA L. BARILLAS, JUAN J. BARILLAS, and RUBY E. BARILLAS, both Individually and as Successors in Interest to JUAN A. BARILLAS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA L. BARILLAS, JUAN J. BARILLAS, and RUBY E. BARILLAS, both Individually and as Successors in Interest to JUAN A. BARILLAS,<br><br>             Plaintiffs,<br>     vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; DETECTIVE MICHAEL MONTOYA, an individual, DETECTIVE CORBIN RHEAULT, an individual, and DOES 1-50,<br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>   1. **Constitutional and Civil Rights Violations: 42 U.S.C. § 1983;**<br>   2. **Assault & Battery;**<br>   3. **Negligence;**<br>   4. **Wrongful Death;**<br>   5. **Violation of Civil Rights (Cal. Const. Art. 1 §§ 2, 7 and 13, Cal. Civ. Code §§ 52, 52.1,** *inter alia***);**<br>   6. **Loss of Consortium; and**<br>   7. **Survival Action (CCP §377.30 et seq).**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, CLARA L. BARILLAS, JUAN J. BARILLAS, and RUBY E. BARILLAS, both Individually and as Successors in Interest (hereinafter collectively "Plaintiffs") to JUAN A. BARILLAS (hereinafter "BARILLAS"), hereby complain and allege against Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1. This is an action for damages pursuant to 42 U.S.C. § 1983 based on the violation of Plaintiffs' rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, including but not limited to the right to be free from the use of excessive force, the right to companionship and association with Plaintiffs' son and brother, the right to due process, and interference with the parent-child relationship and brother-sister relationship. Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. § 1367.

2. At all times relevant hereto, Plaintiff, CLARA L. BARILLAS, was an individual residing in the County of Los Angeles, State of California, and is the surviving mother of the BARILLAS.

3. At all times relevant hereto, Plaintiff, JUAN J. BARILLAS, was an individual residing in the County of Los Angeles, State of California, and is the surviving father of the BARILLAS.

4. At all times relevant hereto, Plaintiff, RUBY E. BARILLAS, was an individual residing in the County of Los Angeles, State of California, and is the surviving sister of the BARILLAS, who resided with BARILLAS.

5. At all times relevant hereto, Defendant City of Los Angeles (hereinafter referred to as "CITY") is, and at all times mentioned herein was, a municipal corporation, organized and existing under the laws of the State of California.

///

6. At all times relevant hereto, Defendant Los Angeles Police Department (hereinafter referred to as "LAPD") is, and at all times mentioned herein was, a municipal corporation, organized and existing under the laws of the State of California.

7. At all times relevant hereto, Defendant, Detective Michael Montoya (Serial No. 25288; hereinafter referred to as "MONTOYA") was employed as a detective for the LAPD, and is being sued in both his individual and official capacity.  At all relevant times mentioned herein, MONTOYA was acting under color of law.

8. At all times relevant hereto, Defendant, Detective Corbin Rheault (Serial No. 31855; hereinafter referred to as "RHEAULT") was employed as a detective for LAPD, and is being sued in both his individual and official capacity. At all relevant times mentioned herein, REHAULT was acting under color of law.

9. Plaintiffs are without sufficient information at this time to specifically identify those defendants named fictitiously herein as DOES 1 through 50. The identities of said persons or entities, whether individual, corporate, or otherwise, sued herein as DOES 1 through 50 are presently unknown to Plaintiffs who therefore sues such persons by their fictitious names.  Plaintiff is informed and believes and thereon alleges that said persons or entities are wholly or in some part responsible for the occurrences set forth in the Complaint and Plaintiffs reserve the right to amend this Complaint to specifically identify these fictitious defendants once their identities become known.

10. At all relevant times herein, the individual Defendants, and each of them, was acting in the course and scope of their employment with Defendant the CITY, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code section 815.2.

11. Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, were the agents, employees, servants, partners,

and/or joint venturers of one another, and the acts and omissions which form the basis of this Complaint were committed or omitted in the course and scope of said agency, employment, servitude, partnership and/or joint venture.

12. On or about March 27, 2018, a timely Claim for Damages was filed with the CITY on behalf of Plaintiffs as a result of the incident set forth herein. The claims were rejected by the CITY on or about April 13, 2018.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. On or about November 30, 2017, detectives MONTOYA and RHEAULT, while in the course and scope of employment with the LAPD, undertook a short vehicle pursuit of BARILLAS, which ended in BARILLAS bringing his vehicle to a complete stop.

14. Defendants, and each of them, were negligent in the manner they gave chase and approached BARILLAS, and violated LAPD policies and best practices in their vehicle pursuit and purported attempt to apprehend BARILLAS .

15. Upon information and belief, BARILLAS was instructed by unidentified officers to step out of his vehicle with his hands up.

16. Upon information and belief, BARILLAS was attempting to comply with officer instructions by exiting his vehicle with his hands up; however, as he was doing so, he was needlessly, violently, and brutally gunned down by MONTOYA and REHAULT. BARILLAS was struck a total of eight (8) times.

17. Upon information and belief, MONTOYA and RHEAULT, as well as potentially other officers, fired multiple times at BARILLAS with automatic rifles, striking him a total of eight (8) times and fatally wounding him.

18. At the time of the shooting, BARILLAS was unarmed, was surrounded by LAPD officers, and posed no immediate threat to the officers or the public. Defendants failed to use lawful alternative methods to apprehend BARILLAS.

///

19. Defendants failed to give adequate warning of the imminent use of deadly force, even though such warning could and should have been given under the circumstances.

20. After being shot, but while BARILLAS was still alive, his personal property, including but not limited to clothing, vehicle, and other personal property was damaged by MONTOYA and RHEAULT's shooting, which constituted, at a minimum, negligent, excessive and unlawful force.

21. After being shot, but while BARILLAS was still alive, he suffered extreme and excruciating pain and suffering, due to Defendants' actions.

22. BARILLAS lost his life as a result of the actions of said officers. Immediately prior to said assault and battery, BARILLAS had not committed any act which would have warranted such action by said officers. Further, BARILLAS was unarmed and did not pose any risk or danger to said officers. Again, there was no firearm recovered from the scene.

23. A reasonable officer would have recognized that BARILLAS was unarmed, and would have recognized that BARILLAS was complying or attempting to comply with the officers' instructions. Further, a reasonable officer would have apprehended BARILLAS in a manner that adhered to department policies and was safer for both the suspect and the officers.

24. Immediately after said assault and battery, the officers knew, or should have known, that BARILLAS was in dire need of emergency medical treatment. Instead of rendering said treatment that they are trained to give, said officers left BARILLAS to suffer, and failed to render aid, which contributed to his death.

25. As a result of these actions or negligence and/or intentional conduct described above, Plaintiffs have suffered a loss of comfort, society, and support and a deprivation of their civil rights, all in an amount to be determined according to proof at trial. Defendants' conduct was both the cause-in-fact and proximate

cause of the death of BARILLAS and therefore Plaintiffs' loss.

26. As a further legal result of said actions, negligence and/or intentional conduct as described above, Plaintiffs have incurred funeral and burial costs on behalf of BARILLAS, as well as other expenses, all in an amount to be determined according to proof at trial.

27. As a further legal result of said actions, negligence and/or intentional conduct as described above, Plaintiffs have incurred hospital, medical, and other related expenses, all in an amount to be determined at trial.

28. At all relevant times mentioned herein, and heretofore, MONTOYA and RHEAULT, and each and every other LAPD official involved in the subject incident, were working within the course and scope of their employment with the CITY, and acting with the consent and permission of each other [co-defendants].

29. Plaintiffs also contend that the CITY negligently hired, trained, managed, retained and/or supervised each of the said officers involved in this incident, leading to the actions, inactions, failures, and negligent conduct alleged herein.

30. Plaintiffs also contend that Defendants CITY and LAPD ratified policies, procedures, customs, and practices which permitted and encouraged their officers while on duty to shoot persons unjustifiably, unreasonably, and in violation of their civil rights.

31. One of the ways Defendants CITY and LAPD ratified excessive force by its officers, and created a pattern and practice of excessive force, was by failing to discipline or prosecute officers who engage in excessive force.  Further, Defendants CITY and LAPD created investigative reports designed to vindicate the use of excessive force, whether or not it was proper.  Defendants CITY and LAPD have uncritically relied solely on the reports of officers in these investigative reports, and have omitted relevant factual information to exonerate officers.

32. The CITY and LAPD's failure to change or correct these policies, practices, and procedures evidences their deliberate indifference to the unnecessary shooting of unarmed individuals such as BARILLAS .

33. Plaintiffs also assert the CITY, through the exercise of reasonable diligence, knew or should have known, that MONTOYA and RHEAULT, and each and every other LAPD officer involved in the incident described above, were aggressive and dangerous officers, who posed a threat of danger to members of the public, including BARILLAS.

34. Plaintiffs also assert that the LAPD has been involved in a pattern and practice of violating citizens' civil rights amounting to an extremely pervasive unconstitutional policy. This policy, custom and/or failure to train LAPD officers is the moving force causing the constitutional injury.

35. The CITY and the LAPD are directly liable and responsible for the acts of the individual defendant officers and DOES 1-50, because Defendants the CITY and LAPD repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of the LAPD and the CITY, thereby creating an atmosphere of lawlessness in which LAPD offers employ excessive and illegal force and violence, including deadly force, in the belief that such acts will be condoned and justified by their supervisors. Defendants CITY and LAPD therefore were, or should have been aware, of such unlawful acts and practices prior to the shooting of BARILLAS.

36. More specifically, supervisors employed by the CITY or LAPD (1) set in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) were culpable in their actions or inactions in training, supervision, or control of subordinates (or failing to do so); (3) acquiesced in the constitutional deprivation by subordinates; or (4) engaged in conduct that shows a reckless or callous indifference to the rights of BARILLAS

and Plaintiffs.

37. As a result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendants LAPD and the CITY, the present defendant officers shot and killed BARILLAS, without justification.

38. As a result of the aforementioned negligent and intentional acts, omissions, deficiencies, policies, procedures, customs and practices of Defendants, BARILLAS lost wages which are recoverable by Plaintiffs here.

## FIRST CAUSE OF ACTION

### (Violation of Civil and Constitutional Rights – 42 U.S.C. 1983; All Plaintiffs Against All Defendants and DOES 1-50)

39. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

40. As set forth more fully above, in committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, including but not limited to the right to be free from the use of excessive force, the right to companionship and association with Plaintiffs' son (and, in the case of RUBY E. BARILLAS, co-habitating brother), the right to due process, and interference with the parent-child and brother-sister relationship.

41. As the direct and legal result of Defendants' acts, Plaintiffs have suffered and will continue to suffer reasonable, foreseeable and ascertainable damages, including but not limited to, loss of companionship and society, emotional distress, and attorneys' fees and costs.

///
///
///

## SECOND CAUSE OF ACTION

**(Assault & Battery: All Plaintiffs Against All Defendants and DOES 1-50)**

42. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

43. On or about November 30, 2017, at or near Vose St. and Laurel Canyon Blvd., in the North Hollywood neighborhood of Los Angeles, California, Defendants wrongfully, unlawfully, and intentionally battered BARILLAS by fatally shooting him, resulting in his death.

44. BARILLAS did not consent to being touched in the manner described above and BARILLAS did nothing to justify the use of physical force against him. BARILLAS did not pose any reasonable threat of harm or bodily injury to the Defendants or any other person, and did not have a gun in his possession.

45. As a direct and proximate result of the aforementioned conduct, Plaintiffs have suffered and continue to suffer a loss of comfort, society and support all in an amount to be determined according to proof at trial.

46. The conduct of Defendants MONTOYA and RHEAULT was wanton, malicious, oppressive, and justifies the awarding of punitive damages against them individually. At the time he was battered, BARILLAS was unarmed and had not displayed any unreasonable acts of aggression or other conduct to justify the use of physical force against him. This wanton, malicious and oppressive conduct justifies the awarding of punitive damages against the individual Defendant MONTOYA and RHEAULT, all in an amount to be determined according to proof at trial.

///
///
///
///
///

## THIRD CAUSE OF ACTION

**(Negligence: All Plaintiffs Against All Defendants and DOES 1-50)**

47. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

48. Defendants, and each of them, have a duty to protect and serve the public, including BARILLAS.

49. In breach of the aforementioned duty, Defendants, and each of them, negligently, carelessly and without reasonable care, fatally battered BARILLAS.

50. As a direct and proximate result of the aforementioned conduct, Plaintiffs incurred expenses for the funeral, burial and medical treatment of BARILLAS, all in an amount to be determined according to proof at trial.

51. As a further direct and proximate result of the aforementioned conduct, Plaintiffs suffered and continue to suffer the loss of the BARILLAS' love, companionship comfort, affection, society and solace.

52. In addition, as a direct and proximate result of the aforementioned conduct, Plaintiffs incurred and continue to incur the loss of financial support of the BARILLAS' earning capacity, all in an amount to be determined according to proof at trial.

## FOURTH CAUSE OF ACTION

**(Wrongful Death Against All Defendants and DOES 1-50)**

53. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

54. Each of the Defendants negligently battered and killed BARILLAS in the manner described above.

55. As a direct and proximate result of the aforementioned conduct, Plaintiffs incurred expenses for the funeral, burial and medical treatment of BARILLAS, all in an amount to be determined according to proof at trial.

///

56. As a further direct and proximate result of the aforementioned conduct, Plaintiffs suffered and continue to suffer the loss of BARILLAS' love, companionship comfort, affection, society and solace.

57. In addition, as a direct and proximate result of the aforementioned conduct, Plaintiffs incurred and continue to incur the loss of financial support of the BARILLAS' earning capacity, all in an amount to be determined according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Violation of State Civil Rights: All Plaintiffs Against All Defendants and DOES 1-50)

58. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

59. Each of the Defendants, by doing and/or causing the acts complained of and described in this entire Complaint, violated Plaintiffs' civil rights under the California Constitution, as well as California Civil Code Sections 52.1 and 52(b). Said acts were, among other things, in violation of Article I, Sections 2, 7, and/or 13 of California Constitution. Each act and/or violation of rights done by each Defendant to BARILLAS was done by way of threats, intimidation, and/or coercion beyond that inherent in each act and/or violation of rights itself.

60. The entity and/or agency Defendants are liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omission herein alleged, pursuant to the doctrine of Respondent Superior, codified at California Government Code § 815.2.

61. Each of the Defendants, for the respective acts and violations pleaded herein above, are liable to each Plaintiff for damages, penalties, and attorneys' fees, as provided in California Civil Code § 52(b), including but not limited to an amount no less than $25,000.00 to Plaintiffs, per each Defendant, per each violation of right, in addition to all other remedies supported by or provided for by

law. Non-governmental entity defendants are also liable to Plaintiffs for exemplary and punitive damages.

62. Each of the Defendants, for the respective acts and violations pleaded herein above, are liable to each Plaintiff for attorneys' fees as provided in California Civil Code § 52(b)(3).

63. Each of the Defendants, for the respective acts and violations pleaded herein above, are liable to Plaintiffs for damages, penalties, and attorneys' fees, as provided in California Civil Code § 52.1(b). Non-governmental entity defendants are also liable to each Plaintiff for exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

**(Loss of Consortium: All Plaintiffs Against All Defendants and DOES 1-50)**

64. Plaintiffs refer and incorporate by reference the preceding paragraphs as though set forth fully herein and incorporate those paragraphs by reference.

65. As a direct consequence of the injuries sustained by Plaintiffs because of the conduct of the police officers described herein, Plaintiffs have been deprived of the normal companionship, company, affection, regard, assistance, comfort, relations, and emotional stability of BARILLAS.

66. As a direct consequence of the injuries sustained by Plaintiffs because of the conduct of the police officers described herein, Plaintiffs have suffered loss of pecuniary support, loss of love, companionship, comfort, affection, society, solace, moral support, and services in home; loss of funeral and burial expenses; and loss of prospective gifts.

67. These physical and emotional consequences of the injuries have negatively impacted the quality of, and caused undue hardship.

68. As a direct and proximate result of the aforementioned conduct, Plaintiffs have suffered damages in an amount to be determined according to proof at trial.

///

# SEVENTH CAUSE OF ACTION

**(Survival Action CCP § 377.30 et seq.: Clara L. Barillas and Juan J. Barillas Against All Defendants and DOES 1 – 50).**

69. Plaintiffs CLARA L. BARILLAS and JUAN J. BARILLAS incorporate the preceding paragraphs as if fully restated herein.

70. Plaintiffs CLARA L. BARILLAS and JUAN J. BARILLAS are legal heirs of BARILLAS, and bring this cause of action in their capacity as successors-in-interest pursuant to California Code of Civil Procedure Sections 377.30 et seq.

71. On or about November 30, 2017, after causes of action arose in his favor, BARILLAS would have been a plaintiff in this action, had he survived.

72. On or about November 30, 2017, and for a measurable period of time before the death of BARILLAS, personal property of BARILLAS was damaged or destroyed, and while alive BARILLAS had claims and causes of action for, among other things, personal property damage, prejudgment interest, and costs of suit.

73. The conduct of Defendants, and each of them, as set forth above, was tortious in that the officer defendants deliberately shot BARILLAS without cause or justification. This conduct was the direct and proximate cause of the damages suffered by BARILLAS, which were sustained and incurred for a measurable period of time by him before his death. Plaintiffs CLARA L. BARILLAS and JUAN J. BARILLAS therefore seek recovery for personal property damages, and all other related expenses, damages, and losses – including punitive damages, due to the malicious, oppressive, and/or fraudulent nature of defendants' actions – as set forth by Section 377.34, et seq. against Defendants, according to proof at trial.

///
///
///
///
///

WHEREFORE, Plaintiffs pray for judgment as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Punitive damages;
4. Costs of suit incurred;
5. Attorneys' fees pursuant to 42 U.S.C. § 1988, California Codes §§ 52.1, 52(b)(3), California Code of Civil Procedure § 1021.5, and any other applicable provisions, and costs according to proof;
6. Prejudgment interest; and
7. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated:  October 10,, 2018         **GP LAW GROUP, A Professional Corporation**

  /S/ David Gharakhanian, Jr.
David Gharakhanian, Jr.
Manee Pazargad

Attorneys for Plaintiffs,
CLARA L. BARILLAS, JUAN J. BARILLAS, and RUBY E. BARILLAS, both Individually and as Successors in Interest to JUAN A. BARILLAS