**F I L E D**
CLERK, U.S. DISTRICT COURT

MAY 27, 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rrp _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARA L. BARILLAS, JUAN J. BARILLAS, and ARACELI FLORES, individually and as successor in interest to JUAN A. BARILLAS, deceased, | Case No.: CV 18-08740-CJC (ASx), consolidated with CV 18-09936-CJC (ASx) |
| Plaintiffs, | |
| v. | PHASE I JURY INSTRUCTIONS |
| CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, DETECTIVE MICHAEL MONTOYA, DETECTIVE CORBIN RHEAULT, and DOES 1–50, | |
| Defendants. | |

//
//
//
//
//
//

-1-

## COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence on the issue of liability, it is my duty to instruct you on the law that applies to this case.

Each of you have received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# COURT'S INSTRUCTION NO. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# COURT'S INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I may instruct you to accept as proved.

# COURT'S INSTRUCTION NO. 4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, any agreed upon facts, and any facts that I may instruct you to accept as proved. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# COURT'S INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

# COURT'S INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness's memory;

3.      The witness's manner while testifying;

4.      The witness's interest in the outcome of the case, if any;

5.      The witness's bias or prejudice, if any;

6.      Whether other evidence contradicted the witness's testimony;

7.      The reasonableness of the witness's testimony in light of all the evidence; and

8.      Any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what

happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**COURT'S INSTRUCTION NO. 7**

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved.

At the time of their encounter with Juan A. Barillas (who I will call "Mr. Barillas") on November 30, 2017, Detective Montoya and Detective Rheault were acting under color of state law.

At the time of their encounter with Mr. Barillas on November 30, 2017, Detective Montoya and Detective Rheault were acting in the course and scope of their employment with the City of Los Angeles.

During the course of the vehicle pursuit, Mr. Barillas drove northbound on Simpson Avenue from Vanowen Street at which time he threw a black gun out of his car window.  A citizen who saw the gun laying in the street in front of 6838 Simpson Avenue flagged down an LAPD Sergeant, who is not related to this incident, and that Sergeant stood by and guarded the gun until it could be photo documented and collected by Criminalists from the LAPD crime lab.  The gun was later examined and determined to be a Daisy Powerline .177 (4.5mm) caliber BB gun, Model 15 XT, serial number 3H11962.  The gun was subsequently listed on an LAPD Property Report as evidence item No. 1 and photo ID No. 1, and photographs of the gun are identified in this case as Exhibit 8 and Exhibit 1040.

Mr. Barillas died on November 30, 2017.

**COURT'S INSTRUCTION NO. 8**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded, and the deposition of that person may be used at the trial.  Insofar as possible, you should consider deposition testimony in the same way as if the witness were testifying in court.

## COURT'S INSTRUCTION NO. 9

You have heard testimony from Edward Flosi, Dr. Bennet Omalu, and Roger Clark who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 10

The plaintiffs bring claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

# COURT'S INSTRUCTION NO. 11

In order to prevail on their § 1983 claims against Detective Montoya and Detective Rheault, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      The detectives acted under color of state law; and

2.      The acts of either or both of the detectives deprived Mr. Barillas and the plaintiffs of their particular rights under the United States Constitution, as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Detective Montoya and Detective Rheault acted under color of state law.

The plaintiffs claim the acts of each detective deprived Mr. Barillas of his rights under the Fourth Amendment to the United States Constitution, and the plaintiffs' rights under the Fourteenth Amendment to the United States Constitution.  I will instruct you later on what the plaintiffs must prove to establish that the detectives' acts deprived Mr. Barillas or any of the plaintiffs of these particular rights.

**COURT'S INSTRUCTION NO. 12**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  The plaintiffs claim there was an unreasonable seizure when the detectives shot Mr. Barillas.  In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive or unreasonable force in making a lawful arrest or in defending himself or others.  Therefore, in order to prove an unreasonable seizure in this case, the plaintiffs must prove by a preponderance of the evidence that the detectives used excessive or unreasonable force against Mr. Barillas.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.  You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.   Although the facts known to the officer are relevant to your inquiry, an officer's subjective intent or motive is not relevant to your inquiry.

In determining whether an officer used excessive or unreasonable force in this case, consider all of the circumstances known to the officer on the scene, including:

1.     The nature of the crime or other circumstances known to the officer at the time force was applied;

2.     Whether the officer reasonably believed that Mr. Barillas posed an immediate threat of death or serious bodily injury to an officer or to others;

-14-

3.      Whether Mr. Barillas was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.      The type and amount of force used;

6.      The availability of alternative methods to take Mr. Barillas into custody or to subdue Mr. Barillas;

7.      The officer's tactical conduct and decisions before using force on Mr. Barillas;

8.      The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.*, which party created the dangerous situation, and which party is more innocent;

9.      Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

10.     Whether it should have been apparent to the officer that the person he used force against was emotionally disturbed;

11.     Whether a reasonable officer would have or should have accurately perceived a mistaken fact;

12.    Whether there was probable cause for a reasonable officer to believe that Mr. Barillas had committed a crime involving the infliction or threatened infliction of serious physical harm;

13.    Whether Mr. Barillas disobeyed lawful commands given for the safety of the officer or others, including Mr. Barillas; and

14.    Whether Mr. Barillas engaged in dangerous or erratic behavior that reasonably caused the officer to perceive a threat.

It is undisputed in this case that the officers had reasonable suspicion to detain and probable cause to arrest Mr. Barillas.  The issues in this case concern the force used upon Mr. Barillas in effectuating that detention and arrest, specifically whether the force was excessive or unreasonable to effectuate the detention and arrest.

1

2

**COURT'S INSTRUCTION NO. 13**

3

   The plaintiffs also allege that Detective Montoya and/or Detective Rheault

4 deprived them of their rights under the Fourteenth Amendment to familial association

5 when the officers used force against Mr. Barillas.

6

7    Under the Fourteenth Amendment, parents and children and husbands and wives

8 have the right to each other's companionship and society.  To prove that Detective

9 Montoya and/or Detective Rheault violated their rights under the Fourteenth Amendment,

10 the plaintiffs must prove by a preponderance of the evidence that an officer engaged in

11 conduct that "shocks the conscience."  To do so, the plaintiffs must prove:

12

13    1. That Detective Montoya and/or Detective Rheault used or caused to be used

14       excessive force;

15

16    2. That Detective Montoya and/or Detective Rheault acted with a purpose to

17       harm Mr. Barillas that was not related to a legitimate law enforcement

18       objective; and

19

20    3. The actions of Detective Montoya and/or Detective Rheault caused the death

21       of Mr. Barillas.

22

23    Legitimate law enforcement objectives include the use of reasonable force with

24 respect to detention, arrest, self-defense, or the defense of others.  Illegitimate law

25 enforcement objectives includes the intended use of unreasonable force with respect to

26 detention, arrest, self-defense, or the defense of others.

27

28

## COURT'S INSTRUCTION NO. 14

The plaintiffs also bring a wrongful death claim based on battery under state law. The plaintiffs claim that the detectives harmed Mr. Barillas by using unreasonable force under state battery law.  To establish this claim, the plaintiffs must prove all of the following:

1.    That an officer intentionally shot Mr. Barillas or caused Mr. Barillas to be shot;

2.    That the officer used unreasonable force to arrest Mr. Barillas or to defend himself, other officers, or others;

3.    That Mr. Barillas did not consent to the use of that force;

4.    That Mr. Barillas died; and

5.    That the officer's use of unreasonable force was a substantial factor in causing Mr. Barillas' death.

A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether an officer used unreasonable force, you must consider all of the circumstances and determine the amount of force that would have appeared

reasonable to a police officer in the officer's position under the same or similar circumstances.  You should consider, among other factors, the following:

      a.     The seriousness of the crime at issue;

      b.     Whether the officer reasonably believed that Mr. Barillas posed an immediate threat of death or serious bodily injury to an officer or to others;

      c.     Whether Mr. Barillas was actively resisting arrest or attempting to evade arrest; and

      d.     The officer's tactical conduct and decisions before using force on Mr. Barillas.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his efforts because of the resistance or threatened resistance of the person being arrested.

# COURT'S INSTRUCTION NO. 15

The plaintiffs also bring a wrongful death claim based on negligence under state law.  The plaintiffs claim that Mr. Barillas was harmed by the detectives' negligence. Negligence is the failure to use reasonable care to prevent harm to oneself or to others. To establish their wrongful death claim based on negligence, the plaintiffs must prove all of the following:

1.    That an officer was negligent by using excessive or unreasonable force;

2.    That Mr. Barillas died; and

3.    That the officer's negligence was a substantial factor in causing Mr. Barillas' death.

# COURT'S INSTRUCTION NO. 16

In deciding whether the detectives were negligent by using excessive or unreasonable force, you must consider all of the circumstances and determine what force a reasonable police officer in the officers' position would have used under the same or similar circumstances.  A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that that person has committed or is committing a crime.  Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.  An officer may use only that degree of force necessary to accomplish the arrest or to defend himself or others.  Among the factors to be considered are the following:

1.      Whether the officer reasonably believed that Mr. Barillas posed an immediate threat of death or serious bodily injury to an officer or to others;

2.      The seriousness of the crime at issue;

3.      Whether Mr. Barillas was actively resisting arrest or attempting to avoid arrest by flight; and

4.      The officer's tactical conduct and decisions before using force on Mr. Barillas.

# COURT'S INSTRUCTION NO. 17

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

## COURT'S INSTRUCTION NO. 18

An officer's battery or negligence may combine with another factor to cause harm. If you find that an officer's battery or negligence was a substantial factor in causing Mr. Barillas' death, then the officer is responsible for the harm.  An officer cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mr. Barillas' death.

**COURT'S INSTRUCTION NO. 19**

The defendants assert that Mr. Barillas' own negligence contributed to his death. To succeed on this defense, the defendants must prove both of the following:

      1.      That Mr. Barillas was negligent; and

      2.      That Mr. Barillas' negligence was a substantial factor in causing his death.

A person can be negligent by acting or by failing to act.  A person is negligent if he does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.  A person being arrested or detained has a duty not to resist an officer unless the officer is using unreasonable force.

You must decide how a reasonably careful person would have acted in Mr. Barillas' situation.

# COURT'S INSTRUCTION NO. 20

The plaintiffs also claim that the detectives intentionally interfered with Mr. Barillas' civil rights under California Civil Code § 52.1 by threats, intimidation, or coercion.  To establish this claim, the plaintiffs must prove all of the following:

1.   That an officer acted violently against Mr. Barillas to prevent him from exercising his right to be free from excessive or unreasonable force;

2.   That the officer intended to deprive Mr. Barillas of his enjoyment of the right to be free from excessive or unreasonable force;

3.   That Mr. Barillas was harmed by the officer's use of excessive or unreasonable force; and

4.   That the officer's conduct was a substantial factor in causing Mr. Barillas' harm.

# COURT'S INSTRUCTION NO. 21

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# COURT'S INSTRUCTION NO. 22

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website, or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

# COURT'S INSTRUCTION NO. 23

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## COURT'S INSTRUCTION NO. 24

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.